IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL YOUNG,

                        Plaintiff,                      OPINION AND ORDER

  v.

                                                                   13-cv-406-wmc

THE DEPARTMENT OF WORKFORCE
DEVELOPMENT, Division of Vocational
Rehabilitation, MR. RANDY SOMMERFIELD,
and MR. HOWARD BERNSTEIN,

                        Defendants.

---

      Plaintiff Michael Young alleges that the Department of Workforce Development, Division of Vocational Rehabilitation, and two of its employees, Mr. Randy Sommerfield and Mr. Howard Bernstein, violated his constitutional rights by denying him access to the Eau Claire Wisconsin Job Center. Plaintiff asked for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915, and the court concluded that plaintiff was unable to prepay the fee for filing this lawsuit. (Dkt. #3.) The next step is determining whether any of plaintiff's proposed claims (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons provided below, the court finds that Young has failed to plead sufficient factual allegations for any of his claims to be allowed to proceed with the possible exception of an equal protection "class of one" claim. Accordingly, the court will dismiss Young's claim, but provide him with an opportunity to file an amended complaint containing allegations necessary for the court to assess a class of one claim.

In addressing any *pro se* litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following, potentially material facts based on the allegations in Young's complaint.

- On April 17, 2013, Mr. Randy Summerfield and Mr. Howard Bernstein, who are both identified as directors and legal counsel at the Department of Workforce Development Vocational Rehabilitation Office in Eau Claire, Wisconsin, denied him access to the Job Center and threatened to have him arrested.

- The website for the Department of Workforce Development confirms that Randy Sommerfield (note the different spelling of his last name) is the DVR Director for the Region 8 field office and Howard Bernstein is Chief Legal Counsel for the Department in Madison.

- Young alleges that he "has never [done] anything wrong nor has he ever violated any rules or laws to be punished and denied access to the Eau Claire Wisconsin Job Center." (Compl. (dkt. #1) ¶ 1.)

OPINION

Federal district courts are courts of limited jurisdiction, possessing only as much adjudicatory power as authorized by the Constitution or by Congress. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citations and quotations omitted); see also Morrison, 649 F.3d at 536 ("Federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute."). Congress conferred subject matter jurisdiction on federal district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331-32.

In his complaint, it would appear Young intends to bring a claim under a federal statute, 42 U.S.C. § 1983, based on an alleged violation of his constitutional rights. As described below, the court has considered possible constitutional and federal statutory challenges and finds that Young's current allegations are insufficient to state any federal claim properly, but will grant him leave to amend his complaint to allege a "class of one" equal protection claim.

As an initial matter, Young names a state agency as a defendant to this action. Liability under § 1983 attaches to a "*person* who, under color of any statute, ordinance, regulation, custom, or usage" of state power deprive a citizen of any right under the Constitution or federal law. 42 U.S.C. § 1983 (emphasis added). A state and its agencies, however, are not "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (holding that "a State is not a 'person' within the meaning of § 1983"); *Witte v. Wis. Dep't of Corrections*, 434 F.3d 1031, 1036 (7th Cir. 2006) (same). To the extent that Young is seeking relief on grounds other than § 1983, his claim is barred by the Eleventh Amendment. The State of Wisconsin cannot be sued because it is entitled to immunity under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). ("[F]ederal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" (citation omitted)). Moreover, a suit against a state "is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) (citing *Cory v. White*, 457 U.S. 85, 91 (1982)).

As for Young's claim against the individual defendants, first, Young does not allege that he was denied access based on some protected status (*e.g.*, race, gender, age, disability, etc.). Therefore, Young has no discernable discrimination claim under the equal protection clause of the Fourteenth Amendment or some federal statutory provision.[1] Second, the court considered whether Young adequately alleged a due process claim under the Fourteenth Amendment. The court previously granted Young leave to proceed on a due process claim based on an alleged denial of his Section 8 voucher. *Young v. Eau Claire Wisconsin City Housing Auth.*, No. 12-cv-838 (W.D. Wis. Oct. 3, 2013) (dkt. #9). Unlike the complaint in Case No. '838, however, there is no alleged underlying property or liberty interest at stake here. Third, the court considered whether Young alleged a so-called "class of one" claim under the equal protection clause, which "recognizes that the Equal Protection Clause may 'give[] rise to a cause of action on behalf of a 'class of one' where the plaintiff d[oes] not allege membership in a class or group' if the plaintiff can show 'that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Even at this stage, however, Young must at least plead "intentionally discriminatory treatment lacking a rational basis." *Jordan v. Cockroft*, No. 12-1633, 490 Fed. Appx. 813, 2012 WL 3104876, at * 2 (7th Cir. Aug. 1, 2012) (unpublished) (citing *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 899 (7th Cir. 2012) (en banc) (Posner, J., leading opinion) ("The plaintiff must

---

[1] While Young mentions that he is a veteran, he does not allege discrimination on that basis.

4

plead and prove both the absence of a rational basis for the defendant's action and some improper personal motive . . . for the differential treatment."); *id.* at 913 (Wood, J., dissenting) (arguing that plaintiff must plead and prove that a state actor lacked a rational basis for singling him out)); *see also D.B. ex rel. Kurtis B.*, 725 F.3d at 685.

Here, Young's simple statement that he was denied access for no reason is insufficient to render his claim plausible under Fed. R. of Civ. P. 8 and recent United States Supreme Court cases interpreting Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In order for Young to state such a claim, he must allege facts concerning the type of service he was seeking on April 17, 2013, as well as describe any earlier interactions he may have had with the DVR office in Eau Claire or the Department of Workforce Development more generally. Young's allegations also do not establish the requisite level of personal involvement specific to Howard Bernstein. Bernstein does not appear to have been assigned to the regional office in Eau Claire, making his personal involvement with the decision to deny Young access to the job center uncertain at best. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003).

While Young will be given a last chance to replead, if Young wishes to pursue a claim against Bernstein and Sommerfield, he must allege sufficient facts to address the deficiencies noted above, including personal involvement.

ORDER

IT IS ORDERED that:

1) Plaintiff Michael Young's complaint is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8;

2) plaintiff may have until January 6, 2014 in which to file an amended complaint asserting a class of one equal protection claim that complies with Fed. R. Civ. P. 8;

3) if plaintiff fails to file an amended complaint by that date, the clerk's office is directed to close this case; and

4) Young's request for assistance in recruiting counsel is DENIED at this time as premature.

Entered this 2nd day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge